IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL J. ZUEGE, JR.,

              Plaintiff,                                 ORDER

      v.                                               09-cv-451-vis[1]

DANIEL KNOCH, ROBERT LAZORIK
and WISCONSIN PATIENT
COMPENSATION FUND,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Michael J. Zuege, Jr. is proceeding on Eighth Amendment and state law negligence and medical malpractice claims against defendants. On November 9, 2009, I issued an order dismissing then-defendant University of Wisconsin Hospital and Clinics from the case because plaintiff failed to state a claim upon which relief could be granted against it. Now plaintiff has filed a notice of appeal seeking relief from that order. I understand plaintiff to be asking me to certify that he can take an interlocutory appeal under 28 U.S.C. §1292(b) from the November 9, 2009 order.

      28 U.S.C. § 1292(b) states in relevant part,

      When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves

---

[1] I am assuming jurisdiction over this case for the purpose of issuing this order.

>a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

There is not a substantial ground for a difference of opinion on the question of whether plaintiff may proceed against University of Wisconsin Hospital and Clinics, because the plain language of Wis. Stat. § 233.17 states that liability cannot be imputed to the hospital for the actions of faculty or academic staff acting within the scope of their employment, which are the precise allegations against defendants Knoch and Lazorik in this case. See also Suchomel v. University of Wisconsin Hospital and Clinics, 2005 WI App 234, ¶¶ 26-28, 288 Wis. 2d 188, 204, 708 N.W.2d 13, 20-21 (Ct. App. 2005). Moreover, an immediate appeal will not materially advance the ultimate termination of this litigation. Rather, it would serve only to delay the litigation. Therefore, I will deny plaintiff's request for this court to certify that he can take an interlocutory appeal from the November 9, 2009 order in this case.

Nevertheless, plaintiff's filing of a notice of appeal triggers a financial obligation for plaintiff; there is a $455 fee for filing his notice of appeal. I will construe his notice of appeal as including a request to proceed in forma pauperis on appeal. However, I will deny that request because I certify that his frivolous appeal from a non-final order is not taken in good faith. Therefore he owes the $455 filing fee for this appeal immediately.

ORDER

IT IS ORDERED that

1. Plaintiff's motion for the court to certify that an interlocutory appeal may be taken from the November 9, 2009 order in this case, dkt. #39 is DENIED.

2. Plaintiff's request for leave to proceed in forma pauperis on appeal, dkt. #39, is DENIED. I certify that plaintiff's appeal is not taken in good faith. The clerk of court is directed to insure that plaintiff's obligation to pay the $455 fee for filing his appeal is reflected in the court's financial record.

Entered this 23rd day of November, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge